# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **CARY ELLIS MALONE** | **CIVIL ACTION NO. 3:17-CV-01064** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **JAY RUSSELL, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Pro se plaintiff Cary Ellis Malone, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 22, 2107. Plaintiff sues Jay Russell, Pat Johnson, Scott Smith, Unknown Officers, Holly Chamber Jones and Monroe Louisiana Division of Probation and Parole. This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

Plaintiff's complaint chronicles his time spent in custody, beginning with his 2008 arrest for Distribution of CDS II Cocaine and Conspiracy to Distribute CDS II Cocaine and ending with the completion of his incarceration at the Ouachita Parish Sheriff's Office Transitional Work Program in August 2015. [Rec. Doc. 1, p. 9] He alleges discrepancies in a 2013 guilty plea as well as with a later probation revocation hearing. *Id.* at 10. He contends that pursuant to his guilty plea of Possession of CDS II on March 25, 2015, material evidence favorable to him was suppressed and the plea was forced. *Id.* at 11. He contends that Assistant District Attorney Holly Chambers Jones knowingly and willfully presented misleading information to the Court. *Id.* at 12. He also claims that he was kept in custody without just and probable cause. *Id.*

These claims arise from the same series of events and allege many of the same facts that have been brought by plaintiff in the following earlier suits: *Cary Ellis Malone v. LA Dept. Of Safety &*

*Corrections, et al*, Civil Action No. 17-CV-00568, which was dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted on July 6, 2017 [Rec. Doc. 11]; *Cary Ellis Malone v. Jonathan D. Campbell, et al*, Civil Action No. 17-CV-00707, in which a Motion to Dismiss for Failure to State a Claim and, alternatively, Motion for Summary Judgment [Rec. Doc. 18] is currently pending before Magistrate Judge Joseph H.L. Perez-Montes*; and Cary Ellis Malone v. LA Dept. Of Probation & Parole, et al*, Civil Action No. 17-CV-01025, which was dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted on September 15, 2017 [Rec. Doc. 10].

### *Law and Analysis*

#### *1. Preliminary Screening*

Plaintiff has been permitted to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915. This complaint is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court when the plaintiff has been granted IFP status. The statute provides in relevant parts a follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal — (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner in forma pauperis cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York,* 295 F.3d 204, 205-206 (2nd Cir.2002) (affirming dismissal of in forma pauperis non-prisoner case for failure to state a claim

pursuant to 28 U.S.C. § 1915(e)(2)); *see also Benson v. O'Brian*, 179 F.3d 1014, (6th Cir.1999) (complaints in actions not pursued in forma pauperis are not subject to "screening" under § 1915(e)(2)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998) (same).

## *2. Malicious Suit*

Plaintiff's civil action is subject to dismissal as malicious. Title 28 U.S.C. §1915(a) enables an indigent litigant to litigate an action *in forma pauperis* in federal court without the necessity of prepaying fees and costs; however, subsection (d) prevents abuse of the privilege by authorizing the court to "dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." See 28 U.S.C. §1915; see also *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.1986).

The Fifth Circuit has held that "[a] district court may dismiss an *in forma pauperis* proceeding for frivolousness or maliciousness at any time, before or after service of process," and that a district court is "vested with especially broad discretion" in determining whether such a dismissal is warranted. *Green*, 788 F.2d at 1119.

A district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). In short, an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive or malicious and dismissed under the authority of Section 1915(d). *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir.1993) ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"). Or, put another way, "[w]hen declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple-but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

3

As shown above, plaintiff once again seeks to litigate claims pending and/or previously litigated in this Court. Plaintiff has clearly abused the privilege of litigating *in forma pauperis*; the instant civil action is clearly vexatious and malicious and dismissal is appropriate.

*Recommendation*

Based on the foregoing,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** and **DENIED** as malicious.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, November 15, 2017.

    _____
    **KAREN L. HAYES**
    **UNITED STATES MAGISTRATE JUDGE**